OPINION. KeRN, Judge: The apparent purpose of the trusts involved in this case was to allocate the income from property owned by the donor-trustee-taxpayer to members of his immediate family, viz., his three children and seven grandchildren, and at the same time to effect a retention by the donor during his life of control over that property equivalent for all practical purposes to the control which he held before the trust gifts, and a control over the amount of income available to the beneficiaries of the trusts thus established by him. It is stipulated that petitioner “at all times material” was worth over a million dollars, and we can infer therefrom that at the time of the creation of the trusts he had “income in excess of normal needs.” There is nothing to suggest that the family relationship was not close and affectionate. In these respects the instant case is similar to Helvering v. Clifford, 309 U. S. 331. The fact that the trust involved in the Clifford case was a short term trust, whereas in the instant case all of the trusts were of long and indefinite terms, does not of itself make the rule of the Clifford case inapplicable to this case. Verne Marshall, 1 T. C. 442; Frederick B. Rentschler, 1 T. C. 814; Commissioner v. Buck, 120 Fed. (2d) 775. The petitioner does not contend that the length of the term of the trusts of itself removes the instant case from the ambit of the Clifford case, but does contend that in cases involving long term, trusts the settlor can be taxed on the income of the trust only if he has retained so much control over the corpus or the disposition of the income as to warrant the conclusion that he has realized economic gain. Petitioner relies upon Jones v. Norris, 122 Fed. (2d) 6; Commissioner v. Katz, 139 Fed. (2d) 107; Commissioner v. Branch, 114 Fed. (2d) 985; Commissioner v. Betts, 123 Fed. (2d) 534; Bush v. Commissioner, 133 Fed. (2d) 1005; Hogle v. Commissioner, 132 Fed. (2d) 66; Commissioner v. Armour, 125 Fed. (2d) 467; Lura H. Morgan, 2 T. C. 510; George H. Whitely, 2 T. C. 618; Robert S. Bradley, 1 T. C. 566; Emma B. Maloy, 45 B. T. A. 1104; and Christopher L. Ward, 40 B. T. A. 225. As examples of economic gains derived from the retention of powers by the settlor such as to justify the taxing to the settlor of the income of long term trusts, petitioner points to the power to vote corporate stock which has been made a part of the trust corpus, by which power he retains a control over the corporation of which he is an officer or director, and the power to change beneficiaries. We agree with petitioner that in cases of long term trusts the factor of control over the trusts is more important in determining the tax-ability of the trust income to the settlor than in cases of short term trusts. See Case, the Circuit Courts of Appeals Examine the Clifford Doctrine, YII Maryland Law Review 201. However, we are not willing to agree with petitioner that the settlor of a long term trust is taxable on the income thereof only where the corpus contains the stock of a corporation of which he is an officer or director and by the trust instrument the power to vote this stock is retained by him, and where the right to change beneficiaries is retained by him. In the present state of the law upon this subject it is difficult and dangerous to lay down dogmatic statements of general principles. As we said in George H. Whitely, supra, “the decision of such a case requires a nice balancing of the power and rights granted to the trustee and beneficiary and those retained by the donor, to the end of determining where lies the real right of ownership of the income.” It may be that in cases of long term trusts the settlor is to be taxed on the trust income only if in addition to broad administrative powers over the trust corpus there are also powers over the distribution of the income. We are of the opinion that such powers were held by the settlor-trustee in this case. There is no question but that he had the broadest administrative powers over the trust corpus. His powers over the distribution of the trust income were not as complete as in the case of Commissioner v. Buck, 120 Fed. (2d) 775, but were nevertheless substantial. Here, as in Ellis H. Warren, 45 B. T. A. 379; affd., 133 Fed.. (2d) 312, “he was not required to distribute any part of the income to any of the beneficiaries during his lifetime,” and in the trusts created for his children petitioner, as trustee, had the right to pay the income either to his child or his grandchildren. In all of the trusts the immediate payment of any income to any beneficiary was in his sole discretion. While it is true that any trust income not paid out was to be accumulated in the trust, this retention of the power over the purse strings with regard to the members of his immediate family who were beneficiaries would warrant our conclusion that “the direct satisfactions of pater familias are thus virtually undiminished, as are those indirect satisfactions (stemming from the vicarious pleasure of consumption of the income by his wife and children [in this case children and grandchildren]) which the Supreme Court regards as noteworthy indicia of taxability.” See Commissioner v. Buck, supra, p. 778. When this power of the settlor-trustee over the distribution of the trust income is combined with extraordinarily broad administrative powers over the trust corpus, we can not escape the conclusion that the doctrine of Helvering v. Clifford is applicable and the incomes of the trust are taxable to the settlor. Decision will be entered for the respondent.