LOUIS STOCKSTROM AND M. E. TURNER, TRUSTEES AND TRANSFEREES OF THE ESTATE OF BERTHA STOCKSTROM, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2127. Promulgated September 18, 1944.

6

*Chase Morsey, Esq.*, for the petitioners.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

SMITH, *Judge*: This proceeding involves liabilities asserted against the petitioners as transferees for deficiencies in income tax of Bertha Stockstrom, now deceased, for the calendar years 1939, 1940, and 1941 in the respective amounts of $4,558.61, $5,624.64, and $10,545.03.

The question in issue is whether the income of three trusts created by decedent for the benefit of her children and grandchildren was taxable to her as settlor of the trusts.

It is stipulated that if decedent was taxable on the income of the trusts then petitioners herein are liable as transferees for the deficiencies determined.

Some of the facts have been stipulated.

Decedent died a resident of St. Louis, Missouri, on December 9, 1941. She filed her individual income tax returns for the calendar years 1939 and 1940 with the collector of internal revenue for the first district of Missouri, at St. Louis. An income tax return for the period January 1 to December 9, 1941, was filed by her executors with the same collector.

Decedent was the mother of three children, Eleanor Stockstrom Brown (formerly McMillan), born February 12, 1890; Arthur Stockstrom, Sr., born October 23, 1892, and Jessie Stockstrom Russell, born July 25, 1895. She had seven grandchildren:

> Louis McMillan, born October 24, 1916
> Edwin Russell, born December 24, 1917
> Nancy Russell (now Primm), born October 15, 1919
> Margaret Stockstrom (now Skinner), born February 12, 1920
> Mary E. Stockstrom, born July 27, 1922
> Louis Stockstrom II and Arthur Stockstrom, Jr., (twins), born January 9, 1925.

Gladys T. Stockstrom is the wife of Arthur Stockstrom, Sr. She was born June 3, 1899.

On March 31, 1939, decedent created three separate trusts for the benefit of her children and grandchildren. The beneficiaries of the first trust were Arthur Stockstrom, Sr., and his wife, Gladys T. Stockstrom, and their four children, Margaret Stockstrom, Mary E. Stockstrom, Louis Stockstrom II, and Arthur Stockstrom, Jr., grandchildren of decedent. The beneficiaries of the second trust were Jessie

Russell, daughter of decedent, and her children, Edwin C. Russell and Nancy Russell. The beneficiaries of the third trust were Eleanor F. Brown, daughter of the decedent, and her son, Louis McMillan.

The terms of all three trusts are substantially the same. The settlor's husband, Louis Stockstrom, and M. E. Turner were named trustees of each of the trusts. In the event Louis Stockstrom should cease to be a trustee for any cause it was provided that his son, Arthur Stockstrom, Sr., should succeed him.

Each trust agreement provides that:

WITNESSETH: For the sum of One ($1.00) Dollar and for other valuable consideration paid to the Party of the First Part by the Parties of the Second Part, receipt whereof is hereby acknowledged, Bertha F. Stockstrom, has assigned, transferred and delivered and does hereby assign, transfer and deliver to M. E. Turner and Louis Stockstrom, and their successors in office, as Trustees, certain property which is described in a separate list marked "Exhibit A", hereto attached and made a part hereof, which said property, together with any other property which may, as hereinafter provided, be transferred, assigned or delivered to the Trustees hereunder, shall constitute the trust estate which shall be administered by the Trustees for the following uses and purposes and subject to the following terms and conditions.

The attached Exhibit A lists "4,000 shares common stock, no par value, American Stove Company, Certificates Nos. NJ–1824 to 1863 inclusive for 100 shares each."

Item one of each trust agreement gives to the trustees broad powers of administration and control over investments, including the power to purchase and sell various classes of assets, and the power, at any time, to invest any or all of the trust funds, both income and principal, in annuity contracts or policies of insurance on the lives of any person or persons of their choosing and hold such contracts or policies as assets of the trust estate. The distributions of trust income are expressly made subject to the power of the trustees to invest the trust funds in such annuity contracts or insurance policies.

Item two provides that the net income of the trust shall be paid to or for the use of the beneficiaries "in such relative amounts and at such time or times, respectively, as the Trustees shall determine," and that any income not distributed shall be added to principal. It also authorizes the trustees, in their discretion, to invade the corpus of the trust if necessary to pay the expenses of any illness of the primary beneficiary (child of the settlor), or the school expenses of any of the grandchildren, or to maintain the primary beneficiary in a manner consistent with his standard of living.

Items three and four provide for the payment of the trust income to the grandchildren after the death of the primary beneficiary and also for the ultimate distribution of the trust estate to the descendants of the primary beneficiary.

Item nineteen of each trust instrument provides:

This trust is hereby created and the interests hereunder are vested subject to the express condition and reservation

(a) That Bertha F. Stockstrom may by instrument in writing (other than her will) executed by her and delivered to the Trustees hereunder revoke entirely or at any time or from time to time amend, alter or partially revoke the provisions of the respective items of this Indenture other than ITEMS TWO, THREE and FOUR hereof. Bertha F. Stockstrom hereby expressly declares that all provisions of ITEMS TWO, THREE and FOUR, respectively, of this Indenture are irrevocable and that she has not by the foregoing provisions hereof or otherwise expressly or impliedly reserved any right or power to revoke, alter or amend the provisions of said ITEMS TWO, THREE and FOUR, respectively, of this Indenture. * * *

Item twenty-one provides in part:

Grantor by her signature hereto certifies that she expressed to legal counsel who prepared this Indenture her desire and purpose to provide for the comfort and welfare of certain persons and to protect said persons against misfortune and perhaps against their own improvidence and lack of business ability; * * *

Other items of the trust agreements relate to the appointment of successor trustees. Item eight provides that M. E. Turner or any of his successor trustees may be removed at any time by his cotrustee, Louis Stockstrom, or his successor.

At the time of the creation of the trusts decedent was the owner of 21,600 shares of American Stove Co. common stock. On March 31, 1939, she surrendered certificates for 12,000 shares of said stock and new certificates therefor were issued in the name of Louis Stockstrom & Co., a partnership composed of the decedent and Louis Stockstrom and Arthur Stockstrom, Sr. This partnership was organized solely for the purpose of holding shares of stock of the American Stove Co. and other corporations as nominees. Louis Stockstrom was and still is chairman of the board of directors of the American Stove Co. and a stockholder of that company. Arthur Stockstrom, Sr., was and still is president of American Stove Co. and a stockholder. Decedent was never an officer or director of the company. At all times material hereto 539,990 shares of American Stove Co. common stock were issued and outstanding. There was no other class of stock issued.

Since March 31, 1939, the trusts have been administered by the trustees in the manner provided by the trust indentures.

For the taxable year 1938 decedent filed a gift tax return reflecting a gift of 12,000 shares of American Stove Co. stock having a value of $10 per share on March 31, 1939, and paid a gift tax thereon of $5,100.

Certificates for the 12,000 shares of stock here in question have at all times been in the custody and possession of the trustees. When dividends have been paid on the stock, checks have been drawn in the name of the partnership, and the partnership, at the direction of the trustees, has issued its checks to the beneficiaries.

The trustees have not purchased any policies of insurance nor have they paid any premiums on policies of insurance.

At all times material hereto decedent's three adult children were married and were living separate and apart from her and separate and apart from each other. Her grandchildren lived with their respective parents.

The trustees filed fiduciary returns for each of the trusts for each of the calendar years 1939, 1940, and 1941. The beneficiaries paid taxes on the income received from the trusts.

Substantially all of the net income of the trusts for the taxable years here in question was distributed annually to Gladys T. Stockstrom, Jessie Russell, and Eleanor Brown.

At the time of the creation of the trusts the decedent was 74 years of age. She never directed the trustees or attempted to direct them with respect to the investment of trust funds or the distribution of the income of the trusts.

The respondent's contentions are that the income of the trusts for the years involved was taxable to the grantor under section 166, Internal Revenue Code, because the trusts were revocable, and also under the provisions of section 22 (a) and the rule of *Helvering* v. *Clifford*, 309 U. S. 331.

The grantor expressly reserved the right to amend the trust agreements as to any of their provisions except those contained in items two, three, and four. Those items, as shown above, relate only to the distribution of the income and principal of the trusts. Under item two, which was not amendable, it was left entirely to the discretion of the trustees what income should be distributed to the beneficiaries and what accumulated, and what amount each beneficiary should receive. There can be no question but that the grantor retained the power, by amending the trust agreements, to control discretionary actions of the trustees. She might even have had the designated trustees removed and herself appointed sole trustee. In that event the income, and conditionally the principal, of the trusts would have been distributable to the several beneficiaries at the grantor's pleasure.

In *Louis Stockstrom*, 3 T. C. 255, we had under consideration a number of trusts created by Louis Stockstrom, decedent's husband, for the benefit of their children and granchildren. The grantor there named himself the sole trustee of all the trusts and as such trustee he had the power to determine the distributions of income and, under some conditions, the principal of the trusts to the several beneficiaries. We held, citing *Commissioner* v. *Buck*, 120 Fed. (2d) 775, and *Ellis H. Warren*, 45 B. T. A. 379; affd., 133 Fed. (2d) 312, that this power, coupled with the broad administrative powers which the grantor held,

left him in substantial ownership of the trust properties and taxable on the income therefrom under section 22 (a).

In the trusts now under consideration the facts are substantially the same as those in the Louis Stockstrom trusts (the children's trusts) except that the grantor here did not name herself trustee. Instead she named her husband, Louis Stockstrom, and another individual, M. E. Turner. But she gave her husband the power to remove Turner at any time and reserved the right by amendment to the trust agreements to remove any of the trustees and to name herself trustee. We think that this reserved power gave her as complete control over the action of the trustees and over the distribution of trust income as if she herself had been the sole trustee. These facts, we think, bring the present case in line with *Louis Stockstrom, supra, Commissioner v. Buck, supra,* and *Ellis H. Warren, supra,* and require taxing the income of the trusts to the grantor under section 22 (a) and the rule of *Helvering* v. *Clifford, supra.*

We find nothing in the unamendable items two, three, and four of the trust agreements which can be said to constitute a complete and irrevocable gift to any of the beneficiaries of the trusts.

*Decision will be entered under Rule 50.*