OPINION. Black, Judge: The only question remaining to our determination is whether the income of trusts No. 1 for the years 1938, 1939, and 1940 is taxable to the grantors thereof under section 22 (a), 166, or 167 of the Revenue Act of 1938 (as to the year 1938) and of the Internal Revenue Code (as to the years 1939 and 1940), or is taxable to the trusts under section 161 of the Revenue Act of 1938 and of the Internal Revenue Code; and whether the income of trusts No. 2 for the year 1940 is taxable to the grantors thereof under code section 22 (a), 166, or 167, or is taxable to the trusts under code section 161. We shall consider first whether the income of the six trusts is taxable to the grantors thereof under section 22 (a). That section is so familiar that it need not here be quoted. The respondent contends that the income of the six trusts is taxable to the grantors thereof under section 22 (a) and relies principally upon Helvering v. Clifford, 309 U. S. 331, and similar cases following that decision which are in the margin.[1] Petitioners contend that the income of the six trusts is not taxable to the grantors thereof under the doctrine of the Clifford case. The cases principally relied upon by petitioners are listed below.[2] We find it unnecessary to discuss in detail all of the cited cases on this question, and it would be futile to do so. As was said in Miller v. Commissioner, 147 Fed. (2d) 189, affirming a memorandum opinion of this Court, “we have cited these few cases pro and con in support of the proposition that there are no precise standards or guides, either in the Act, regulations or decisions of the courts, by which our inquiry may be conducted. The cases cited do not complete the catalogue. Each case must rest upon its own peculiar facts and circumstances.” To the same effect see Herbert T. Cherry, supra. The Supreme Court in the Clifford case said that the “issue is whether the grantor after the trust has been established may still be treated, under this statutory scheme as the owner of the corpus,” and that, “In absence of more precise standards or guides supplied by statute or appropriate regulations, the answer to that question must depend on an analysis of the terms of the trust and all the circumstances attendant on its creation and operation.” We do not think the grantors of the six trusts here involved may still be considered as the owners of the corpora of these trusts after the trusts were established. The trusts were irrevocable. They were for the benefit of the grantors’ three minor daughters. As each child attained the age of 30 years the entire trust estate in the 1938 trusts could be delivered to the respective beneficiary and the trust terminated. If not terminated at that time, termination was mandatory in the case of all six trusts upon the beneficiary reaching the age of 50, and in any event the six trusts were to terminate at the expiration of 20 years and 10 months after the death of the last to die of the three children beneficiaries living at the time the trusts were created. Upon the death of any original beneficiary before the termination of her trust, provision was made for the passage of the trust property to persons other than the grantors. The interests of the beneficiaries were vested. The grantors retained no power to alter or amend the trusts in any way. They reserved no power or right to direct that the income or principal of the trusts be paid to beneficiaries other than those named in the trusts. The trusts were administered strictly in accordance with their terms. Upon a careful analysis of the terms and circumstances attendant upon the creation and operation of the six trusts in question, it is our opinion that the cases relied upon by petitioners support their contention and are controlling, and that the income of the trusts is not taxable to the grantors under section 22 (a) and the doctrine of the Clifford case. The respondent places considerable emphasis upon the circumstance that one of the grantors was the sole trustee during the taxable years in question. He argues that this factor brings the instant proceedings within the doctrine of Louis Stockstrom, supra. We think the instant case is distinguishable on its facts from the Stoohstrom case. In the Stoohstrom case the three trusts which were made for the settlor’s three adult children contained powers which enabled the settlor-trustee to shift income beneficiaries somewhat similar to the powers reserved to the grantor in Commissioner v. Buck, supra. There are no such powers granted to the settlor-trustees in the instant case. In the Stockstrom case the seven trusts which were set up for the benefit of Stockstrom’s seven grandchildren, while not granting to the settlor-trustee powers which were as extensive as those contained in the trusts for his three adult children, did grant to the settlor-trustee the discretion to either accumulate the income or distribute it to the beneficiary. These trusts were for the lifetime of the beneficiaries. We construed this power as being broad enough to enable the settlor-trustee to completely withhold the income of the trust from the grandchild primary beneficiary throughout his lifetime and thereby give it to the remaindermen. To quote from the opinion itself in the Stockstrom case, the settlor-trustee “was not required to distribute any part of the income to any of the beneficiaries during his lifetime.” We held that this power over the income, when coupled with the broad administrative powers granted the settlor-trustee over the corpus in these several trusts, caused the income to be taxable to the settlor, Stockstrom. This view was affirmed by the Eighth Circuit Court of Appeals. See that court’s opinion in Stockstrom v. Commissioner, 148 Fed. (2d) 491. In the instant proceedings Leonard had no powers to cause the shifting of income from one beneficiary to another such as were present in the Stockstrom or Buck cases. We think the trusts in the instant proceedings are similar in character to those which were present in such cases as Frederick Ayer, supra, and David Small, supra, in which we held that the income of the trusts was not taxable to the settlor in those cases under section 22 (a). In the Ayer case we quoted from Commissioner v. Branch, supra, as follows: * * * Where the grantor has stripped himself of all command over the income for an indefinite period, and in all probability, under the terms of the trust instrument, will never regain beneficial ownership of the corpus, there seems to be no statutory basis for treating the income as that of the grantor under Section 22 (a) merely because he has made himself trustee with broad power in that capacity to manage the'trust estate. See Helvering v. Achelis, 112 F. (2d) 929. We do not read the dictum in Helvering v. Fuller, 310 U. S. 69, 76, as implying the contrary. In cases like the present one Congress has provided for the taxation of the income of the trusts to the trustee under section 161. The trusts here involved have complied with those provisions of the law and have returned the income in question for taxation and have paid the tax thereon. We do not see where the law requires more. We hold, therefore, that petitioners in Docket Nos. 555 and 556 are not taxable on the income of the six trusts under section 22 (a). Is the income of the six trusts taxable to the grantors thereof under section 166? The provisions of this section are identical in both the Revenue Act of 1938 and the Internal Revenue Code, and are in the margin.[8] The respondent concedes that the trust instruments contain no specific provision for alteration, amendment, or revocation by grantors. He contends, however, that the trust provisions reserved to J. M. Leonard, trustee, an unqualified right to direct sales of trust property to himself or others at his own price and on his own terms and that such rights and powers in and to the corpora are sufficiently broad to support a finding that they are equivalent to a power to revest and that, therefore, the income is taxable to the grantors under section 166, citing Chandler v. Commissioner, 119 Fed. (2d) 623, affirming 41 B. T. A. 165. We find no such provisions in any of the trust instruments as respondent contends above. There is no language in any of the trust indentures which would justify the interpretation which respondent seeks to impose. The facts in the instant proceedings are entirely unlike those present in the Chamdler case. In that case Chandler as settlor transferred property to a trust company as trustee for his wife as beneficiary. Among other things the trust agreement provided: During the lifetime of Grantor, Trustee shall make such sale, exchange or other disposition either to Grantor or to a third party or third parties designated by him of all or any part of the Trust Fund and for such considerations and upon such terms as to credit or otherwise as Grantor shall at any one time or from time to time direct. Trustee shall also acquire by purchase, exchange or otherwise such real or personal property for such considerations and either from Grantor or from such third party or third parties as Grantor may at any one time or from time to time direct. Grantor may be personally interested in the sale, exchange or other disposition of any part of the Trust Fund and/or in the purchase, exchange or other acquisition of real and/or of personal property for the Trust Fund. Trustee shall at all times and forever be freed from any and all liability and responsibility for acting in accordance with such directions of Grantor. The Third Circuit properly pointed out the important distinction between the power reserved by the settlor in that case and that in other cases where the power to control reserved by the settlor did not include the power to direct the trustee to buy from and sell to the settlor at prices fixed by the latter. In such latter cases, the court said the power was reserved for the benefit of the beneficiary of the trust, whereas in cases like Chandler, the power was reserved solely for the benefit of the settlor rather than for the beneficiary. An examination of the six trust instruments involved in the instant proceedings reveals, as we have already stated, no provisions like those contained in the Chandler case. We hold, therefore, that petitioners in Docket Nos. 555 and 556 are not taxable on any part of the income of the six trusts under section 166. See Carleton H. Palmer, supra; Frederick Ayer, supra; and Herbert T. Cherry, supra. Is the income of the six trusts taxable to the grantors thereof under section 167 ? Petitioners have alleged that the incoir e is not so taxable and the respondent has apparently so conceded, as he has not argued or even mentioned the question in his brief. In any event, we agree with the petitioners on this point. The 1938 trusts permitted the trustee “only in the event the grantors as parents are unable to support the beneficiary” from other sources to make such advances from income or principal as in his sole discretion he deems proper at any time for the maintenance, upkeep, education, travel, and general welfare of the beneficiary until she shall have attained the age of 21 years. The 1940 trusts contained no such provisions. Instead, the trustee was prohibited from making any distribution to the beneficiary of either corpus or income until the beneficiary attained the age-of 21 years. No distributions from any of the trusts have been made. The grantors at all times provided for the education, maintenance, and support of their minor children from their own personal funds and were amply able to so provide. Under these circumstances we hold that, even without the benefit of section 134 of the Revenue Act of 1943, no part of the income of the six trusts is taxable to the grantors thereof under section 167. Robert P. Scherer, 3 T. C. 776, 797-798. The grantors, however, have filed with the Commissioner certain agreements in accordance with the requirements of I. T. 3609, Cumulative Bulletin 1943, p. 505, and have agreed to execute and file such other and further agreements and consents as may be required to comply with T. D. 5392, Internal Revenue Bulletin, August 11, 1944, p. 18. It is assumed that this Court will allow a reasonable time for petitioners to comply with these requirements if deemed necessary. Estate of O. M. Banfield, 4 T. C. 29,34. Since the grantors of the six trusts in question are not taxable on any part of the income of the trusts under section 22 (a), 166, or 167, supra, it follows that the income thereof is taxable to the trusts under the provisions of section 161 of the Revenue Act of 1938 and of the Internal Revenue Code. Reviewed by the Court. In Docket Nos. 555 and 556 decisions will be entered under Rule 50. In Docket Nos. 578, 577, arid 579 decisions will be entered for the respondent. Commissioner v. Buck, 120 Fed. (2d) 775; Helvering v. Elias, 122 Fed. (2d) 171; certiorari denied, 314 U. S. 692; Ellis H. Warren, 45 B. T. A. 379; affirmed per curiam, 133 Fed. (2d) 312; Brown v. Commissioner, 131 Fed. (2d) 640; certiorari denied, 318 U. S. 767 ; and Louis Stockstrom, 3 T. C. 255; affd., 148 Fed. (2d) 491. Carleton H. Palmer, 40 B. T. A. 1002; affirmed per curiam, 115 Fed. (2d) 368; Commissioner v. Branch, 114 Fed. (2d) 985; Jones v. Norris, 122 Fed. (2d) 6; Frederick Ayer, 45 B. T. A. 146 ; Commissioner v. Katz, 139 Fed. (2d) 107 ; W. C. Cartinhour, 3 T. C. 482; Estate of Benjamin Lowenstein, 3 T. C. 1133; David Small, 3 T. C. 1142; Herbert T. Cherry, 3 T. C. 1171; and Armstrong v. Commissioner, 143 Fed. (2d) 700. SEC. 166. REVOCABLE TRUSTS. Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested— (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, when the income of such part of the trust shall be included In computing the net income of the grantor.