Reviewed by the Court.

*Decision will be entered under Rule 50.*

ALICE OGDEN SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LESTER A. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2801, 2802. Promulgated January 16, 1945.

*J. Lee Boothe, C. P. A.*, for the petitioners.
*Paul A. Sebastian, Esq.*, for the respondent.

OPINION.

SMITH, *Judge*: It is the respondent's contention that the petitioners, as grantors of the trusts under consideration, are taxable on such net income under the doctrine of *Helvering* v. *Clifford*, 309 U. S. 331. In that case it was held that where "the bundle of rights" retained by the settlor "as a result of the terms of the trust and the intimacy of the familial relationship" resulted in the retention of "the substance of full enjoyment of all the rights which previously he had in the property" the income is taxable to him under section 22 (a) of the Internal Revenue Code. The respondent submits that the rights retained by the petitioners in the trusts under consideration were so great as to make them in substance the owners of the income. He calls attention to the fact that by paragraphs first and fifteenth of the trust instruments the petitioners had the authority to manage, sell, transfer, and exchange trust property as though they were the absolute owners thereof; that the trust instruments gave them the further authority as trustees to invest the funds of the trusts in any securities they might in their uncontrolled discretion deem proper without restriction and to have any securities which were a part of the trust funds registered in their names as trustees or in the names of their nominees; that they were authorized to take and keep trust securities unregistered so that they could pass by delivery; and that they had the right, in the event of distribution of principal, to divide the principal in any manner they saw fit. He further points out that no books of account or records of the trusts were kept by the trustees, but that such accounts were kept on the books of the L. A. Smith Co.

After careful consideration of the provisions of the trust instruments and the operations of the trusts during the taxable years here in question, we are of the opinion that nothing could have been done or was done by the trustees in respect of the trusts contrary to the best interests of the beneficiaries. We think that the petitioners as grantors of the trusts retained no powers which would relieve them from their

responsibilities as trustees. As trustees they were required to manage the trusts for the interests of the beneficiaries. There is nothing to indicate that they did not so manage the trusts during the taxable years. It was in no way detrimental to the trusts that their accounts were kept in the books of the L. A. Smith Co.

In *Phipps* v. *Commissioner* (C. C. A., 2d Cir.), 137 Fed. (2d) 141, it was held that, where a grantor-trustee established a trust for the benefit of his wife and daughter and could control the allocation of the trust income among the members of his family only through a total disregard of the purposes of the trust, which disregard would result in judicial intervention, the trust income was not taxable to the husband-grantor.

In *Chandler* v. *Commissioner* (C. C. A., 3d Cir.), 119 Fed. (2d) 623, the grantor-trustee provided in the trust instrument that:

During the lifetime of Grantor, Trustee shall make such sale, exchange or other disposition either to Grantor or to a third party or third parties designated by him of all or any part of the Trust Fund and for such considerations and upon such terms as to credit or otherwise as Grantor shall at any one time or from time to time direct. * * *

In its opinion the court stated:

In the present case there can be no doubt that the power to control reserved by Chandler was for his own benefit. In addition to broad powers of directing investments by the trustee, such as were present in the trust instrument in *Carrier* v. *Carrier, supra* [226 N. Y. 114; 123 N. E. 135], Chandler reserved to himself the right to sell to or buy from the trust estate at his own price and to direct the disposition to himself (other than by way of sale or exchange) of all or any part of the trust fund for such consideration and upon such terms as he might direct. We think that the reservation by the settlor of the power to deal with the trust assets for his own benefit is irreconcilable with the fundamental principle underlying all fiduciary relationships that the fiduciary must act solely in the interest of the cestui que trust and, therefore, may not have personal dealings with the trust property. Restatement, Trusts, § 170 and comments thereto. As owner of the assets Chandler, of course, had the right to reserve such a power. His doing so clearly indicates that he did not intend to impose upon himself fiduciary restraints enforceable by the trust beneficiaries. We think that the Board was entirely justified in construing the power as a reservation by the settlor of the right to revoke the trust.

In the instant case the grantors retained no powers which gave them the right to acquire the trust principal or income at any time for their own benefit. We are therefore of the opinion that the facts disclosed by this record do not bring the case within the principle of *Helvering* v. *Clifford, supra.*

The respondent stated in his brief that:

It should be stated at the outset that it is the respondent's position that his determination in this case is controlled by *Helvering* v. *Clifford,* (1940) 309 U. S. 331, without regard to *Helvering* v. *R. Douglas Stuart,* (1942) 317 U. S. 154.

However, if the Tax Court should hold that the *Clifford* decision is not controlling and that the respondent's determination is supported only by *R. Douglas Stuart, supra,* it is requested that the Court make specific findings of fact and of law in this regard so that the respondent may determine whether relief should be afforded petitioner under I. T. 3609, I. R. B. No. 10, May 25, 1943, page 40, upon application therefor, and upon compliance by petitioner with the terms of I. T. 3609.

This request is based upon section 134 of the Revenue Act of 1943, which amended section 167 of the Internal Revenue Code by adding thereto the following:

(c) Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. In cases where the amounts so applied or distributed are paid out of corpus or out of other than income for the taxable year, such amounts shall be considered paid out of income to the extent of the income of the trust for such taxable year which is not paid, credited, or to be distributed under section 162 and which is not otherwise taxable to the grantor.

The request of the respondent is granted. See *J. O. Whiteley,* 3 T. C. 1265.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

BLACK, *J.,* concurring: I concur in the result reached by the majority opinion, though I doubt if it can be distinguished from our Court's recent decision in *Joel E. Hall,* 4 T. C. 506, in which the opposite result was reached. I dissented in the *Hall* case and pointed out the reasons why I did not think the income of the irrevocable trust involved in that case should be taxed to the grantor.

Another comparatively recent case by this Court which it might be thought is in conflict with the result reached in the instant case is *Louis Stockstrom,* 3 T. C. 255; now on review, C. C. A., 8th Cir. However, after carefully reading the facts in that case and comparing them with those present in the instant case, I do not believe the result reached in the instant case is in conflict with the *Stockstrom* case. In the *Stockstrom* case the three trusts which were made for the settlor's three adult children contained powers which enabled the settlor-trustee to shift income beneficiaries somewhat similar to the powers reserved to the grantor in *Commissioner* v. *Buck,* 120 Fed. (2d) 775. There are no such powers granted to the settlor-trustees in the instant case. In the *Stockstrom* case the seven trusts which were set up for the benefit

of Stockstrom's seven grandchildren, while not granting to the settlor-trustee powers which were as extensive as those contained in the trusts for his three adult children, did grant to the settlor-trustee the discretion to either accumulate the income or distribute it to the beneficiary. These trusts were for the lifetime of the beneficiaries. We construed this power as being broad enough to enable the settlor-trustee to completely withhold the income of the trust from the grandchild beneficiary throughout his lifetime. To quote from the opinion itself in the *Stockstrom* case, the settlor-trustee "was not required to distribute any part of the income to any of the beneficiaries during his lifetime." We held that this power over the income, when coupled with the broad administrative powers granted the settlor-trustee over the corpus in these several trusts, caused the income to be taxable to the settlor, Stockstrom.

In the instant case the primary purpose of the trusts is to provide for the education of the settlors' three minor children and any accumulated income and principal not used for that purpose is to be turned over to the beneficiary when he reaches 30 years of age. Thus each of the three trusts here involved is to completely terminate when the beneficiary reaches 30 years of age and all the corpus and accumulated income is to be turned over to the beneficiary. The trusts in that respect are not unlike those present in *J. O. Whiteley*, 3 T. C. 1265, where we held that *Helvering* v. *Clifford* was not applicable.

The administrative powers granted to the trustees in the instant case are quite broad and are, I think, as broad as those present in the *Stockstrom* case, but I think the Supreme Court in *Helvering* v. *Stuart*, 317 U. S. 154, made clear that retention by the grantor of only broad administrative control over the corpus does not make the income of a long term family trust taxable to him.

For these reasons above stated, I concur in the result reached in the majority opinion.

DISNEY, *J.*, agrees with the above.

———

LEECH, HILL, HARRON, KERN, and OPPER, *JJ.*, dissenting: We can not fairly distinguish the facts in either *Louis Stockstrom*, 3 T. C. 255, or *Joel E. Hall*, 4 T. C. 506, from those here. In addition, there are features of the conduct and operation of these trusts which are comparable to those leading to nonrecognition of the trusts in such earlier cases as *Benjamin F. Wollman*, 31 B. T. A. 37, and *William C. Rands*, 34 B. T. A. 1107, the true forerunners of the *Clifford* case. We accordingly dissent.