ALMA M. MYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5085. Promulgated January 17, 1946.

*Stanley S. Waite, Esq.*, and *H. M. Stolar, Esq.*, for the petitioner.
*Loyal E. Keir, Esq.*, for the respondent.

82

OPINION.

ARUNDELL, *Judge*: The petitioner asserts error on the part of the respondent in attributing to her, under section 22 (a) of the Internal Revenue Code, that portion of the trust income derived from property placed in the trust by her. She contends that her gifts were complete and that even though she was trustee with wide management powers, she had no taxable interest whatsoever in the corpus or the income thereof and that she enjoyed no economic advantages as a result of her trusteeship. The respondent, in support of his determination, relies principally upon *Joel E. Hall*, 4 T. C. 506, and *Louis Stockstrom*, 3 T. C. 255 (appeal pending when the briefs were submitted). In the interim, the *Stockstrom* case has, in so far as here material, been affirmed, 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719, and the *Hall* case has been reversed, 150 Fed. (2d) 304.

We are of the opinion that the petitioner should prevail. She did not enjoy the important attributes of ownership so as to warrant charging her with receipt of the income in question. Certainly *Helvering* v. *Clifford*, 309 U. S. 331, does not go so far. The *Stockstrom* case, *supra*, probably represents the furthest extension of the *Clifford* principles that has yet been approved, and in that case this Court fixed upon the factor that the settlor-trustee "was not required to distribute any part of the income to any of the beneficiaries during his lifetime." Such is not the situation here. It may be true that the extent of the managerial powers here is comparable to those of the trustee in the *Stockstrom* case but, even so, we have uniformly held that management powers through which no economic gain may be derived are not sufficient to justify holding the settlor-trustee chargeable with the income. *Estate of Benjamin Lowenstein*, 3 T. C. 1133; *Lura H. Morgan*, 2 T. C. 510; *David Small*, 3 T. C. 1142; *Herbert T. Cherry*, 3 T. C. 1171; *W. C. Cartinhour*, 3 T. C. 482. And see the following Circuit Courts of Appeal cases: *Commissioner* v. *Branch*, 114 Fed. (2d) 985; *Jones* v. *Norris*, 122 Fed. (2d) 6; *Helvering* v. *Palmer*, 115 Fed. (2d) 368; *Armstrong* v. *Commissioner*, 143 Fed. (2d) 700.

Here the petitioner could distribute the income at her discretion until the beneficiary reached the age of 30 years. At that time the

accumulated income, as well as the corpus of the trust, became payable to him. Hence, the trust indenture fixed a time for payment of the income and distribution of the principal which permitted of no variation by the trustee. We considered almost the same situation in the light of the *Stockstrom* decision in *J. M. Leonard*, 4 T. C. 1271; in. *Alice Ogden Smith*, 4 T. C. 573; and in connection with the trusts for the primary benefit of the children, in *Alex McCutchin*, 4 T. C. 1242. In each of those cases, now acquiesced in by the Commissioner, we held that the settlor-trustee was not taxable on the income of the trusts. The instant case should be accorded the same treatment. See also *Hawkins* v. *Commissioner*, 152 Fed. (2d) 221.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

OPPER, *J.*, dissenting: Decision of this proceeding for respondent seems to me to be compelled by *Louis Stockstrom*, 3 T. C. 255; affd. (C. C. A., 8th Cir.), 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719, and similar authorities, particularly *Joel E. Hall*, 4 T. C. 506. The latter case was reversed by a divided court, 150 Fed. (2d) 304 (C. C. A., 10th Cir.), but I think we should adhere to our original view. Cf. *Talbot Mills* v. *Commissioner*, 326 U. S. 521, majority and dissenting opinions. See also *Edison* v. *Commissioner* (C. C. A., 8th Cir.), 148 Fed. (2d) 810; *Funsten* v. *Commissioner* (C. C. A., 8th Cir.), 148 Fed. (2d) 805; *Stockstrom* v. *Commissioner* (C. C. A., 8th Cir.), 151 Fed. (2d) 353; *Miller* v. *Commissioner* (C. C. A., 6th Cir.), 147 Fed. (2d) 189; *Anna Morgan*, 5 T. C. 1089.

It is the degree of control which is determinative; petitioner, the grantor, was vested with extremely broad power of management, and in addition the power to make or withhold payments of income. She was thus, as in *Anna Morgan, supra,* "in a position to accumulate trust income, add it to principal, and thereby succeed in changing the recipient from the income beneficiary to the remainderman * * *." It does not suggest any diminution of her retained interest that she would herself be that remainderman upon her childless son's intestate death before reaching thirty. The breadth of petitioner's potential benefit from the trust is instanced by the insurance transactions. That there were not more is evidence not of a lack of control, but of an absence of desire to exercise it.

I think the determination should be sustained.